Stephen K. Harris (6564)
HARRIS LAWYERS, PC
4 South 2600 West, Suite 6
P.O. Box 339
Hurricane, Utah 84737
Telephone:  (435) 635-9814
Attorney for Plaintiff
skharris@harrislawyers.com

Chad A. Bowers (#9289)
LAW OFFICES OF CHAD A. BOWERS, LTD.
3202 West Charleston Boulevard
Las Vegas, NV 89102
Telephone: (702) 457-1001
Fax: (702) 457-8006
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | | |
|---|---|---|
| TAMMY JONES individually and on behalf of the heirs of Tory Von Jones, deceased, | * * * * | |
| Plaintiff, | * * | COMPLAINT |
| vs. | * * | Civil No: 2:12-cv-00842-DS |
| JOHN ROBERT SORENSON, and CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, DOES 1-10 inclusive, | * * * * * * | |
| Defendants. | * * * | |

Plaintiff Tammy Jones complains and alleges:

Page 1

## JURISDICTION AND VENUE

1. At all times plaintiff Tammy Jones is and was a citizen of the United States and a resident of Westminster, State of Colorado.

2. Defendant, John Robert Sorenson ("John Sorenson") an individual and, on information and belief, is and was at all relevant times a citizen of the United States and a resident of Washington County, State of Utah who is sued in his individual capacity and also as an agent or representative of defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints.

3. Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("LDS Church") is a corporation sole organized and existing under the laws of the state of Utah, doing business in the State of Utah and having its principal place of business in the State of Utah.

4. Plaintiff is seeking damages pursuant to the claims for relief specified below in an amount greater than $75,000.00 to be proved at trial.

5. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U. S. C. § 1332 because there is diversity and an amount in controversy greater than $75,000.00.

6. The claims made in this Complaint occurred and arose in the State of Utah, in this District and in the Central Division.  Venue is therefore proper under 28 U.S.C. § 1391.

## PARTIES AND OTHER INTERESTED PERSONS

7. Tory Von Jones, deceased ("Tory") was at the time of his death a resident of Washington County, State of Utah.

8. Tammy Jones ("Tammy") is a parent of decedent Tory Von Jones and an heir of

the minor child Tory Von Jones who sues on behalf of all heirs of Tory Von Jones.

9. Defendants Does 1 through 10, inclusive, are persons or entities whose names are unknown at this time, and who might have caused or contributed to the actions of the named Defendants.

## GENERAL ALLEGATIONS

10. Decedent Tory Von Jones was the son of Tyran Von Jones and Tammy Jones who at the time of the incident alleged herein was a minor of 17 years of age.

11. Tyran Von Jones, father of Tory, signed a permission slip giving consent that Tory attend a LDS Church ward boating event with other members of the LDS Church which was to occur on Wednesday August 3, 2011. Plaintiff is informed and believes that LDS Church ward outing did not take place as planned.

12. On or about August 4, 2011 Tory did attend a boating and wake boarding event ("boating event") at Quail Creek State Park with other members of his LDS Church ward including Defendant John Sorenson, who, on information and belief, was assigned or "called"[1] as a youth leader in the local St. George, Utah ward or branch ("local unit") of the LDS Church.

13. The LDS Church has total dominion and control over its local wards and branches including the appointment and calling of its local leadership e.g. Stake Presidents, Bishops, and Branch Presidents, who in turn are empowered by the LDS Church to call individuals to various responsibilities within the local units of the LDS Church organization including the selection,

---

[1] "Called" is a term in the LDS church meaning that by the authority and direction of the LDS Church though the local LDS Church leader e.g. Bishop, who is authorized by the LDS Church to assign particular duties and responsibilities to a particular ward or branch member, including the duties and responsibilities of a youth leader to John Sorenson.

appointment and training of youth leaders.

14. The LDS Church has a master/servant relationship with John Sorenson and at all times had the right to and did exercise control over the selection of the local youth leaders and their training, and supervision of their activities in those capacities.

15. On information and belief, the boating event was sponsored, authorized, encouraged and approved by the LDS Church and John Sorenson was the only adult present at the boating event responsible for six youth, including Tory, and as a youth leader was carrying out the duties and obligations of a youth leader within his assignment on behalf of the LDS Church.

16. Plaintiff is informed and believes, that at approximately 19:30 hours John Sorenson and Tory were in a boat near the northeast corner of Quail Creek Reservoir along with two other youthful individuals herein referred to as Wade and Dallin..

17. Plaintiffs are informed and believe, that Tory was dropped off in the water to swim to shore which was at least 50 yards distant.

18. Plaintiffs are informed and believe that Tory had difficulty swimming to shore and called out for assistance to three other individuals of the youth group on shore referred to herein as Derreck, Kaley and Brandon.

19. Plaintiffs are informed and believe that although Derreck, Kaley and Brandon heard Tory call out to them they did not see Tory in the water except after shortly leaving the boat and do not know Tory's location when he was yelling to them.

20. Plaintiffs are informed and believe, that shortly after Tory left the boat and entered the water John, together with Wade and Dallin, left the area and proceeded toward the dam to wake board abandoning Tory in the water and only upon returning to the area became aware that Tory was

missing.

21. Although a search was made for Tory on the evening of August 4, 2012, Tory's body was not found until August 5, 2012 submerged in 22 feet of water.

22. Tory died on or about August 4, 2012 as a result of drowning after leaving the boat operated by John and while under John's care and supervision.

23. John and the other Doe defendants failed to ensure Tory was properly equipped with any flotation device while in the water, failed to property instruct, supervise and assist Tory to reach the shore , abandoned Tory while in the water, failed to aid and rescue Tory all of which led to the death of Tory.

24. Defendant John Sorenson has the duty and obligation in his individual capacity and as an agent and representative of the LDS Church to conduct the boating event safely and to monitor, supervise, and instruct Tory and be prepared to and in fact assist, locate and if necessary rescue Tory. John had these obligations to do so individually and by virtue of his position as a youth leader in the LDS Church as organizer and sponsor of the boating event and as the operator of the boat from which Tory attempted to swim to shore.

25. Defendant John Sorenson and the other Doe defendants failed to perform these duties due to negligence, gross negligence, recklessness and/or willful indifference.

26. Defendant John Sorenson and the other Doe defendants failed to instruct, supervise and/or implement reasonable safety protocols and failed to prepare and implement any necessary efforts to deal with any swimming emergency which may occur to Tory while attending the boating event.

27. The defendants herein are liable for the wrongful death of Tory for their negligence

and the negligence of their agents which led to Tory's death.

28. The violation of the duties set forth above were the proximate and legal cause of the injury, pain and suffering and death of Tory and all to the damages of plaintiff.

29. The conduct of John Sorenson and the other Doe defendants was in reckless disregard of the foreseeable consequences and as a direct and proximate cause thereof Tory was forced to endure, great pre-death pain and suffering and emotional distress and died on or about August 4, 2011.

30. As a result of the accident and conduct of the Defendants, Tory Von Jones, deceased, suffered great physical agony, pain and suffering in the knowledge of impending death, emotional distress and the knowledge that he would never see his father or mother again in this life. The heirs of Tory are entitled to recover for Tory's survival and/or wrongful death damage, physical pain and suffering, and emotional distress, as to all damages both before and after death, the loss of love, companionship, physical assistance, comfort, care, protection, and moral support with his family.

31. As a direct and proximate result of the actions of the defendants leading to the death of Tory, plaintiff Tammy Jones and the heirs of Tory have been deprived of the love, companionship, physical assistance, comfort, care, protection and moral support that Tory provided to them, and that Tory would have provided to them during their future together. Furthermore, they have suffered and will continue to suffer emotional distress as a result of Tory's death.

## FIRST CAUSE OF ACTION

(Willful Misconduct/Wrongful Death against all Defendants)

32. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

33. John Sorenson and the other Doe defendants actions, or failures to act, constitute willful misconduct that resulted in the wrongful death of Tory Von Jones.

34. Such misconduct included, among other things, intentionally and/or recklessly failing and/or refusing to provide any aid or assistance to Tory after permitting or allowing Tory to attempt to swim to shore from the boat that resulted in his death.

## SECOND CAUSE OF ACTION

(Negligence/Wrongful Death against all Defendants)

35. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully set forth herein.

36. John Sorenson and the other Doe defendants were negligent and committed acts and/or omissions which led to the accident that occurred and caused the death of Tory Von Jones.

37. Said defendants owed a duty of care to conduct the boating event safely and to safely monitor and supervise and instruct Tory and be prepared to and in fact assist, locate and rescue him if necessary.

38. Said defendants breached their duties of care and were negligent by failing to conduct the boating event safely and to monitor and supervise and instruct Tory and by failing to be prepared to and in fact failing to assist, locate and rescue him.

39. Defendants breached these duties of care, causing the death of Tory Von Jones.

40. As a direct and proximate result of said defendant's breach of duty of care and negligence, Plaintiff has been injured and damaged.

## THIRD CAUSE OF ACTION

(Failure to Warn against all Defendants)

41. Plaintiffs incorporate by reference all other paragraphs of this Complaint, as if fully set forth herein.

42. Defendants had a duty to adequately warn Tory of the dangers posed by the boating event and swimming without a flotation device, or swimming without a lookout or lifeguard and how to avoid and minimize such dangers.

43. Said Defendants breached their duties to adequately warn Tory of such dangers and how to avoid or minimize them, which led to the accident that occurred and caused the death of Tory Von Jones.

44. Said Defendants' breach of their duty to warn, caused the death of Tory Von Jones.

45. As a direct result of said Defendants breach of their duty to warn, Plaintiffs have been injured and damaged.

## FORTH CAUSE OF ACTON

(Negligent Infliction of Emotional Distress

Against All Defendants)

46. Plaintiff incorporates by reference all other paragraphs of this Complaint, as if fully set forth herein.

47. Defendants should have realized that failing to conduct the boating event safely, to safely monitor, supervise, and instruct, to be prepared to and in fact assist, locate and rescue Tory to warn of dangers, to swim without a flotation device or lookout or lifeguard causing the death of Tory involved an unreasonable risk causing emotional stress. From the facts known to John Sorensen and the other Doe defendants, they should have realized that the emotional stress might result in illness or body harm.

48. The actions and inactions set forth above of John Sorensen and the other Doe defendants led to the death of Tory and caused plaintiff and the heirs of Tory to suffer emotional distress and illness.

49. Based upon the foregoing the heirs are entitled to recover all damages set forth herein and otherwise sustained in amounts to be determined at trial.

50. Plaintiff prays for such relief from damages as are reasonable in the premises.

## FIFTH CAUSE OF ACTION

(Respondeat superior against the LDS Church)

51. Plaintiffs incorporate by reference all other paragraphs of this Complaint, as if fully set forth herein.

52. John Sorenson was acting within the scope of his appointment when he organized, conducted and supervised the boating event for the LDS Church youth group.

53. John Sorenson knew or should have know as the appointed youth leader of the sponsoring organization (the LDS Church) that he had a duty to warn, instruct, supervise, monitor, the youth group including Tory as more particularly set forth above.

54. The LDS Church, through its agents, officers, and employees breached the duty owed to Tory by not warning, instructing, supervising, monitoring, as more particularly set forth above.

55. As a direct, proximate, and legal result of these breaches of duty, Tory Von Jones suffered damages and death.

56. Because the LDS Church had a master-servant relationship with John Sorenson and had the right to and did exercise control over the manner in which he conducted the boating event the LDS Church is liable for all damages suffered by plaintiffs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgement against Defendants as follows:

    A.    Economic and non-economic damages as provided under applicable law and deemed appropriate by a jury in an amount greater than $75,000.00;

    B.    Special economic damages as provided under applicable law and deemed appropriate by a jury in an amount greater than $75,000.00;

    C.    Attorney fees and costs as provided under applicable law; and

    D.    Pre-judgment and post-judgment interest as provided under applicable law.

DATED this 3 day of September, 2012        HARRIS LAWYERS, PC

_____ /s/ _____
Stephen K Harris, Attorney for Plaintiff